**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

**CASE NO.: 6:16-cv-1039**

JAMES HANHART and
LESTER ALFORD,

      Plaintiffs,

vs.

THUNDERHORSE OILFIELD SERVICES LLC, and
RONNIE ASHLEY

      Defendants.

_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, JAMES HANHART and LESTER ALFORD, for their Complaint against THUNDERHORSE OILFIELD SERVICES LLC. and RONNIE ASHLEY state and allege as follows:

**SUMMARY**

1. THUNDERHORSE OILFIELD SERVICES LLC. and RONNIE ASHLEY (hereinafter "Defendants") required and/or permitted JAMES HANHART and LESTER ALFORD (hereinafter "Plaintiffs") to work in excess of forty hours per week but refused to compensate them properly for such hours.

2. Defendants' conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. See, 29 U.S.C. § 207(a).

3. Plaintiffs JAMES HANHART and LESTER ALFORD are FLSA non-exempt workers who were not fully compensated for the overtime hours they worked, as required by law, for which they now seek recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Eastern District of Texas because Defendant engages in business here.

## THE PARTIES

6. Plaintiff JAMES HANHART is a resident of Kilgore, Texas.

7. Plaintiff LESTER ALFORD is a resident of Flint, Texas.

8. Defendant THUNDERHORSE OILFIELD SERVICES LLC. is a foreign limited liability company based in Monroe, Louisiana, operating in Kilgore, Texas. Service of process may be had on Defendant's registered agent, Donnie B. Gill, at 474 Highway 42, Access Rd. Kilgore, Texas, 75662.

9. Defendant RONNIE ASHLEY is a resident of Winnsboro, Louisiana. Service of process may be had on Defendant at 3437 Highway 577, Winnsboro, Louisiana, 71295.

## COVERAGE

10. Defendant, THUNDERHORSE OILFIELD SERVICES LLC, is an enterprise that engages in commerce or in the production of goods for commerce.

11. Defendant RONNIE ASHLEY was the managing agent of Defendant, THUNDERHORSE OILFIELD SERVICES LLC; said Defendant acted and acts directly in the interests of the Defendant, THUNDERHORSE OILFIELD SERVICES LLC., Defendant, RONNIE ASHLEY, effectively dominated THUNDERHORSE OILFIELD SERVICES LLC., administratively, or otherwise acts, or has the power to act, on behalf of the corporation vis-à-vis its employees and had the authority to direct and control the work of others. Therefore, Defendant, RONNIE ASHLEY was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

12. Defendants acted, either directly or indirectly, in the interest of an employer with respect to the Plaintiffs.

13. Accordingly, Defendants are both a covered "enterprise" and an "employer" under the FLSA.

14. Defendants have had, and continue to have, an annual gross income of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

15. Defendant THUNDERHORSE OILFIELD SERVICES LLC is an oil field services company based in Monroe, Louisiana, operating in Kilgore, Texas.

16. Plaintiff, JAMES HANHART, was employed by Defendants as an operator on or about March 18, 2014 through on or about April 12, 2015.

17. Plaintiff, LESTER ALFORD, was employed by Defendants as an operator on or about March 18, 2014 through on or about April 12, 2015

18. Defendants compensated Plaintiffs a salary rate of $2,100.16, every two weeks.

19. Defendants failed to fully compensate Plaintiffs their time and a half premium for hours worked over forty in a workweek.

### CAUSES OF ACTION

20. Plaintiffs incorporate all allegations contained in the preceding paragraphs.

21. At all relevant times Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

22. Defendants' failure to pay the full amount of overtime compensation owed to Plaintiffs violates the FLSA.

23. Accordingly, Plaintiffs are entitled to compensation for overtime hours worked.

24. Additionally, Plaintiffs are entitled to an amount equal to their unpaid overtime wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

25. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

26. Alternatively, should the Court find Defendants acted in good faith and that they had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

27. Plaintiffs are entitled to have the limitations period extended to three years because Defendants' actions were willful. 29 U.S.C. § 216(b).

## PRAYER

WHEREFORE, Plaintiffs respectfully request judgment be entered in their favor awarding them:

A. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times their regular rates;

B. an equal amount as liquidated damages as allowed under the FLSA;

C. damages accrued for a three year period;

D. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

E. pre-judgment and post judgment interest at the highest rates allowed by law; and such other relief as to which Plaintiffs may be entitled.

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: /s/ James M. Loren, Esq.
**James M. Loren**
**Attorney-in-charge**
FL Bar No.: 55409
George Z. Goldberg
FL Bar No.: 31186
Rachael Rustmann
TX Bar No. 24073653
3102 Maple Ave, Suite 450
Dallas, Texas 75201
Main Phone:   800-719-1617
Facsimile:     (954) 585-4886
jloren@lorenlaw.com
rrustmann@goldbergloren.com
ggoldberg@goldbergdohan.com
*Attorneys for Plaintiff*